# AFFIDAVIT IN SUPPORT OF APPLICATION FOR CRIMINAL COMPLAINT

## INTRODUCTION

I, Heather Call, being first duly sworn state:

1. Your affiant, Heather Call, employed with the Newport News Police Department (NNPD) since June, 2004, and more specifically with the Special Victims Unit since July, 2011. This assignment has afforded me the opportunity to investigate and/or arrest and prosecute numerous individuals for crimes relating to the neglect and abuse of children in violation of the Virginia (VA) State Code. I have previously been involved in criminal investigations concerning violations of federal laws. Those investigations included, but are not limited to, child exploitation and child pornography. Since joining the NNPD your affiant has attended specialized training courses in child/adolescent interviewing, human trafficking, identifying and seizing electronic evidence, and computer forensic, recovery, and social site investigations.

2. I am currently assigned as a Master Police Detective with the Newport News Police Department, Criminal Investigations Division, Special Victims Unit, as well as a Task Force Officer (TFO) assigned to the Federal Bureau of Investigation, Norfolk Division Child Exploitation Task Force. I have participated in investigations involving sexual assaults, persons who collect and distribute child pornography, and the distribution of materials relating to the sexual exploitation of children. I have received training from the FBI in the areas of sexual assaults and child exploitation, and I have reviewed images and videos of child pornography in a wide variety of media forms, including computer media. I have also discussed and reviewed these materials with other law enforcement officers.

3. I was deputized as a Special Deputy United States Marshal on June 16, 2014. As a Special Deputy United States Marshal, your Affiant is authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

4. This affidavit supports an application for a criminal complaint charging **KEONTE NAVON MARTIN** with Receipt of Child Pornography, in violation of Title 18, United States Code, § 2252A(a)(2).

5. This affidavit is based upon information that I have gained from my investigation, my training and experience, as well as information gained from conversations with other law enforcement officers. Since this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that **KEONTE NAVON MARTIN**, has committed a violation of Title 18, United States Code, § 2252A(a)(2).

## STATUTORY AUTHORITY AND DEFINITIONS

6. This investigation concerns alleged violations of Title 18, United States Code, § 2252A(a)(2), relating to receipt of child pornography. Title 18, U.S.C. § 2252A(a)(2) makes it a federal criminal offense to knowingly receive or distribute any child pornography using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer.

7. The term "computer," as used herein, is defined pursuant to Title 18, United States Code, Section 1030(e)(1), as "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions and includes any data storage facility or communications facility directly related to or operating in conjunction with such device."

## FACTS AND CIRCIMSTANCES

8. On August 19, 2022, **KEONTE NAVON MARTIN** was convicted in United States District Court for the Western District of Oklahoma of possession of child pornography and sentenced to serve 48 months incarceration. On February 14, 2025, he was transferred to the James River Residential Reentry Center, located in the City of Newport News. On February 19, 2025, **MARTIN** was granted permission to use a flip phone from Senior United States Probation Officer ArVonte' Johnson for text and talk only. He was not allowed to have access to the Internet. Case Manager Supervisor J. Wright went over a form titled "Request/Agreement for Authorization of a Cell Phone" with **MARTIN** delineating certain rules. One such rule was "I understand that nude or pornographic photographs or texts of a sexual nature and gang/drug related pictured and/or symbols will NOT BE tolerated/permitted." Another rule was "I understand that staff CAN review/search my cell phone at any time and that there is not an expectation of privacy with regard to my possession or use of the cell phone until my release." **MARTIN** initialed next to each of the rules pertaining to cell phone use acknowledging he understood the rules. In addition, **MARTIN** was present at two house meetings, one on February 17, 2025, and the other on March 17, 2025, where they discussed in small groups the rules about cell phone usage.

9. On April 14, 2025, **MARTIN** and other inmates signed out for their one hour of recreation at the facility. Operations Supervisor R. Burgess noted that she did not see the inmates outside, so she and Ms. Wright went outside. They found **MARTIN** sitting in his vehicle with the sunshade across the front windshield. Ms. Burgess and Ms. Wright told MARTIN to get out of his vehicle for his outside recreation time. When the inmates signed back into the facility, Ms. Burgess went up front to assist with the process of the inmates being searched. Ms. Burgess told **MARTIN** to empty his pockets and felt **MARTIN** was hiding something under his jacket. Ms. Burgess saw **MARTIN's** flip phone, which he was allowed to have, but then observed a smart phone. **MARTIN** initially denied having that phone, saying it belonged to someone else. Staff reviewed the surveillance video at the facility, and it was determined **MARTIN** was in possession of the smart phone. When questioned, **MARTIN** told Ms. Burgess he obtained the phone over the prior weekend from his mother to conduct job searches. **MARTIN** initially provided a passcode for the smartphone; however, it was not the correct passcode.

10. Ms. Burgess searched **MARTIN's** room and vehicle and located two ear pod sets, a Canon camera, a black thumb drive, and a laptop charger without a laptop.

11. Ms. Burgess spoke with **MARTIN** again. **MARTIN** said it was embarrassing and when asked what was on the phone, he said there was not anything illegal. **MARTIN** provided the correct passcode for the phone.

12. Ms. Burgess and Ms. Wright used the passcode to access the smartphone. Upon being unlocked, the Gallery was already opened on the phone. They observed images and videos containing child pornography. Ms. Burgess described two images. One she said was of a man with his mouth on a child's penis. The other image she detailed was of a preteen male who was naked with his legs spread open. His hand was holding his penis. Ms. White stated the videos she observed were of preteen males engaged in sexual activity with adults.

13. Ms. Burgess completed an incident report and provided a copy to your affiant. In that report were screenshots of thumbnails in the Gallery on **MARTIN's** smartphone. Your affiant reviewed the screenshots and observed numerous thumbnails of juvenile males either clothed or with their shirts off. There were several thumbnails of males engaged in sexual activity where at least one of the males appeared to be a juvenile. Your affiant observed the image of the juvenile male who was nude with his legs spread open, holding his penis with his hand. Also in the incident report were two statements made by **MARTIN** and written down by staff. They are as follows:

   a. Under the section titled "Comments of Inmate to CDC Regarding Above Incident", it is written, "I would like to apologize to staff for lying and violations that I have, and for the trouble that I caused. There's things that I need to work on, and things that I need help in. I need better and I will be better. As far as the camera and laptop charger I didn't know that it was in my trunk, my family used my car when I was away."
   b. Under the section titled "Offender Statement and Attitude", it is written, "My statement to clarify. My cara (sic) was being used by my family while I was in prison, so I was not aware of a laptop charger, the camera or flash drive. I did not know it was in the trunk. I recognize that I made a mistake and I sincerely apologize in particular to Ms. Wright & Ms. Burgess for the trouble I caused & the trust broken but as well as to the staff in whole for the trouble I caused. I need to do better & will do better."

14. On April 22, 2025, your affiant obtained a federal search warrant from the Honorable United States Magistrate Judge Douglas E. Miller to search the Samsung smartphone, flip phone, Canon camera, and black thumb drive.

15. Upon review of the Samsung smart phone, your affiant located numerous images and videos containing child pornography. One such image file is dated March 28, 2025, and is titled, "tumblr_97b287238660f0898804c8ab5ca598ac_25143b35_1280.jpg. In the image a

3

pubescent male juvenile is sitting on the ground nude, wearing only socks and shoes. His legs are spread open, and one hand is on his penis. Based on the file path, this image was located in a folder named Telegram.

## CONCLUSION

Based upon the facts set forth above, I submit that probable case exists to believe **KEONTE NAVON MARTIN** has violated Title 18, United States Code, § 2252A(a)(2) which prohibits knowing receipt or distribution of child pornography (and any visual depictions of and involving the use of a minor engaging in sexually explicit conduct) in interstate or foreign commerce.

FURTHER YOUR AFFIANT SAYETH NOT.

Heather Call
Task Force Officer
FBI Child Exploitation Task Force
Federal Bureau of Investigation

This affidavit has been reviewed for legal sufficiency by Assistant United States Attorney Lisa R. McKeel.

Reviewed:

Lissa R. McKeel
Assistant United States Attorney

Subscribed and sworn to before me this 30th day of April 2025, in the City of ~~Norfolk~~ Newport News, Virginia.

UNITED STATES MAGISTRATE JUDGE
Douglas E. Miller
United States Magistrate Judge

4